The contract was made between the parties at the house of the defendant in Rutherford County. The deed was signed in South Carolina, where the parties went to have it executed. The sum of $100, part of the $600, was paid in South Carolina at the time the deed was executed. A *Page 449 
part had been advanced in Rutherford at the time of making the contract, and the balance was paid in Rutherford after the execution of the deed.
The plaintiff kept possession of the land and mills for six months after the contract, and not paying the $636, the defendant entered, and has had possession of them and the profits ever since. In this the plaintiff has acquiesced; nor has he repaid the money and the interest reserved thereon, or offered to pay the same in any other manner than by giving up the land aforesaid to the defendant, who holds the (623) same under the absolute deed aforesaid.
The jury found for the plaintiff the amount of the penalty sued for. The defendant moved for a new trial on the ground that the facts do not, in law subject him to the penalty; which being overruled, he appealed, etc.
The cause was tried before CAMERON, J., at RUTHERFORD Superior Court.
Usury is, in a peculiar degree, an offense of positive law, because the rate of interest depending upon local and domestic considerations, is established in every country with a single view to its own advantage. It is accordingly different nearly in all the states by which this is bounded, and hence it would be equally mischievous in practice and absurd in principle to test a transaction occurring in one State by the standard of criminality established in another. From the facts in this case it is evident that the penalty was not incurred in this State, for the illegal interest was not actually received until the defendant obtained possession of the land, even upon the supposition that the usury was then complete. But this might admit of doubt, if it were necessary to enter into that question, considering that the right of redemption still remained in the plaintiff. I cannot think that any difference is made in the case by the circumstance of the parties being citizens of this State and making the corrupt agreement (625) here. There are some opinions to the contrary, but the principle recognized by the common law is that the criminal and penal laws of a State have force only within its limits, and are not obligatory upon persons in another government. This has been decided in this State, even where an act of Assembly was passed for the purpose of punishing a crime committed out of the State. S. v. Knight (1799), 1 N.C. 143.
I am, therefore, of opinion that there ought to be a new trial.
The rest of the Court concurred in awarding a new trial. *Page 450